GREGORY L. POLLOCK, Suing on Behalf of Himself and All Other Certificate Holders with Respect to a First Mortgage Fee Six Per Cent Serial Gold Bonds under Which the GATES CIRCLE APARTMENTS Is the Obligor, Plaintiff, *v*. MANUFACTURERS AND TRADERS TRUST COMPANY, as Trustee, Defendant.

Supreme Court, New York County, December 1, 1934.

*Harry H. Oshrin*, for the plaintiff.

*Root, Clark, Buckner & Ballantine* [*Eric B. Nelson* of counsel], for the defendant.

ROSENMAN, J. This is a motion for a summary judgment directing, among other things, that the defendant judicially settle its account. The defendant is successor trustee under a trust mortgage secured by real estate, under which $425,000 of bonds were issued. The mortgage is in default. Since the default, fifty-eight per cent of the owners of bonds have deposited their bonds with a bondholders' committee. This plaintiff owns one bond which he has also deposited with the committee.

The deposit agreement under which the plaintiff deposited his bond provides *inter alia*, (1) that while the securities remain on deposit " no separate action shall be taken by the depositors or any of them with respect thereto," and (2) that the depositors appoint the committee their only and exclusive agent coupled with an interest irrevocably to do everything requisite or proper to be done for the protection or benefit of the depositors.

The plaintiff is alone in his demand for an accounting. The committee is opposed to it as entailing an unnecessary expense to the trust fund. There is no claim by the plaintiff that the defendant has been guilty of any fraud or misfeasance, or, indeed, of any actionable nonfeasance. The proceeding is based merely on the fiduciary relationship, the allegation that the fiduciary has received some trust funds, and that no judicial accounting has been had.

The defendant resists the accounting, contending (1) that the funds in its hands are not now available for general distribution to certificate holders; (2) that an accounting at the present time will be of no value to certificate holders generally but will be of detriment because of the cost of such accounting; (3) that prior

to the commencement of this action the defendant has furnished full information as to income and disbursements, and will continue to do so; (4) that this action is not brought in good faith to protect bondholders but solely to enable the plaintiff and his attorney to establish a claim for fees for themselves for services in the accounting; (5) that the plaintiff under the trust indenture should indemnify the trustee before requesting him to proceed with an accounting; (6) that under the trust indenture the trustee is vested with exclusive power to bring actions and that no certificate holder may do so, unless the trustee has refused to comply with a written demand of at least fifty-one per cent of the certificate holders; (7) that the plaintiff cannot bring this action after having deposited his bond with the committee pursuant to the deposit agreement hereinabove referred to.

The terms of the trust indenture, vesting the right of litigation exclusively in the trustee and requiring indemnity for him, were intended to apply to proceedings to be taken by the trustee against persons other than bondholders. They do not apply to a situation like this where the litigation is between a bondholder and the trustee himself, and where the trustee's conduct is itself the subject of inquiry.

Although it would have been better practice for the plaintiff to join the bondholders' committee as a party defendant in this proceeding, so that if there were ultimately a decree involving distribution the rights of the committee therein could be determined, nevertheless the deposit agreement does not deprive the plaintiff of his right to bring this action to protect the interest which he has in the trust *res*.

This deposit agreement did not actually vest title to the bond in the committee as do some deposit agreements in similar situations. Even if it did, it would not defeat this proceeding which does not depend upon technical title. The plaintiff still retains an interest in the trust *res*. It is on the basis of that interest that the accounting is sought. This is not an action " with respect to the deposited bonds " within the meaning of the deposit agreement. Such actions would include a suit for principal or interest, foreclosure, etc. This proceeding, however, is merely to determine whether or not the fiduciary is properly managing the trust fund. The fact that the bondholder appointed the committee as its agent to handle the bond, does not divest him of his right to see that the trust *res* is being lawfully administered.

Whether or not an accounting should be decreed is fundamentally a question for the discretion of the court. The fact that the trustee alleges that there are no funds now available for distribution would

not, of itself, be a bar as claimed by this defendant. Ordinarily, where there is only one *cestui que trust*, it would follow almost as a matter of course that the trustee should be compelled to account at reasonable intervals. Here, however, there is a large number of *cestuis*, each of whom is equally interested with this plaintiff in maintaining the integrity of the fund. They each have an equal interest in seeing that no needless expense is incurred to their detriment. The majority of them have stated, by the committee which is their appointed agent, that they are opposed to the expenses of an accounting at this time. No other bondholder joins with the plaintiff in his present demand for an immediate accounting.

The trustee has not sought to hide any facts connected with the administration of the trust. While it is true that the informal accounting which it has already made to the bondholders' committee, and its readiness and willingness to show all its figures of income and disbursements, are no substitute for a judicial accounting, they do indicate good faith on the part of the fiduciary. Indeed, the beneficiary makes no charge of bad faith.

A judicial accounting would involve expenses chargeable to the trust fund. The other beneficiaries of the trust object to it. It should not lie within the power of one *cestui* alone to foist a needless detriment upon all the others. The facts and circumstances disclosed in this application do not show even *prima facie* that any substantial benefit will accrue to the fund from the accounting sought.

Charge of bad faith on the part of the plaintiff is made by the defendant, who assigns as the reason for this proceeding only a desire by the plaintiff and his attorneys to work up a claim for compensation for themselves. It is not here necessary to pass upon this contention. A great many similar proceedings are now being brought in this court on similar facts. Several of them are being passed upon by me simultaneously herewith. In nearly all of them the plaintiff is the holder of only one or two bonds, and stands alone in his demand for an accounting, against the objection of bondholders' committees holding an overwhelming majority of the bonds. In some of them one or two other bondholders of the same issue have brought similar proceedings.

The plaintiff claims that he is acting for the benefit of the other bondholders. It may eventually be proven that his claim is justified. He may be able ultimately by examination and cross-examination of the trustee and its account, to bring about additions to the trust fund which would never result without the procedure of a judicial accounting. If he were to succeed in this, he and his

attorneys might with justification look for compensation for their services. If he were to fail, the trust fund would only be further depleted by the expense of the accounting. The chances for success or failure should be borne by the plaintiff alone. The other beneficiaries should not be compelled to gamble against their will on the outcome of the plaintiff's action.

Accordingly the motion will be denied, unless the plaintiff furnish a surety company bond to indemnify the estate against the expense of the accounting, including the fees of the referee to take the account, stenographic fees, and the expenses of the trustee. If it should appear that the accounting resulted in any practical benefit to all the bondholders, the court could then in its discretion release the indemnity. If no such benefit accrue, the plaintiff and his attorney not only should receive no compensation, but the trust fund should be reimbursed for the expense saddled upon it. The amount of the bond will be fixed on the settlement of the order. Counsel on both sides should submit memoranda of the probable costs so as to aid the court in determining the amount. Settle order.